UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH HALEY ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:09-0170 |
| ] | Judge Campbell/Brown |
| RICKY BELL, et al. ] | |
|     Defendants. ] | |

To: Honorable Todd Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

On February 19, 2009, the Court entered an order (Docket Entry No. 4) referring this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court is a Motion to Dismiss (Docket Entry No. 20) filed on behalf of the Tennessee Department of Correction and the Riverbend Maximum Security Institution, plaintiff's Response to this particular Motion to Dismiss (Docket Entry Nos. 22 and 23), and a Motion to Dismiss (Docket Entry No. 26) filed on behalf of Ricky Bell and George Little.

The undersigned has carefully reviewed these pleadings and the record in this case and finds that the defendants' Motions to Dismiss have merit. Accordingly, the Magistrate Judge respectfully recommends that, for the reasons stated below, the defendants' motions should be granted and all

1

claims against the Tennessee Department of Correction, Riverbend Maximum Security Institution, Ricky Bell and George Little be dismissed.

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears that the complaint does not contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007). Accordingly, the complaint must contain enough factual allegations to state a claim for relief that is plausible on its face. *Id.* at 127 S.Ct. 1974.[1] In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, though, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

The plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 against the Tennessee Department of Correction (TDOC); the Riverbend Maximum Security Institution; Ricky Bell, Warden of Riverbend; and George Little, Commissioner of TDOC; among others, alleging that the defendants denied him medical care for his various maladies.[2]

In their Motion to Dismiss, TDOC and the Riverbend Maximum Security Institution argue that the plaintiff has failed to state a claim against them upon which relief can be granted. More specifically, the defendants assert that, as state agencies, they are immune from suit under the

---

[1] Twombly abrogated the "no set of facts" test set forth in Conley v. Gibson, 78 S.Ct. 99, 102 (1957).

[2] The remaining defendants include Dr. Inocentes Sator, Dave Miller and First Medical Management.

Eleventh Amendment.[3]

The Eleventh Amendment bars a suit in federal court by a citizen against a state, its agencies or its employees acting in their official capacities unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. Pennhurst State School and Hospital v. Halderman, 104 S.Ct. 900, 908 (1984); Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). Congress has not overridden a state's sovereign immunity to civil rights complaints. Nor has the State of Tennessee consented to waive its immunity to such actions. Berndt v. Tennessee, 796 F.2d 879 (6th Cir.1986). Accordingly, the undersigned finds that the plaintiff has failed to state an actionable claim against TDOC and the Riverbend Maximum Security Institution.

The plaintiff is suing Commissioner Little in his official capacity only for failing to provide him with better conditions of confinement. Docket Entry No. 1 at pg. 3. As noted above, Commissioner Little is a state employee who is cloaked with sovereign immunity from suit while acting in his official capacity. Thus, the plaintiff has failed to state an actionable claim against Commissioner Little.

Finally, the plaintiff has brought suit against Warden Bell because he is responsible for the "treatment of prisoners confined under his immediate control and jurisdiction". *Id.* at pg. 2. He does not allege, however, that Warden Bell had any input or involvement whatsoever in the level, need or degree of medical care made available to the plaintiff. Liability under the civil rights statutes must be based upon active unconstitutional behavior rather than a mere failure to act. Salehpour v.

---

[3] Service of process was never executed on the defendant, Riverbend. *See* Docket Entry No. 11. However, the State of Tennessee did have notice of the claims against this defendant, Docket Entry No. 8, and the Eleventh Amendment precludes plaintiff's claims against it.

3

University of Tennessee, 159 F.3d 199, 206 (6th Cir.1998), *cert. denied,* 119 S.Ct. 1763 (1999). Supervisors and administrators will not be held liable simply because they failed to intervene or act upon the letters and complaints of a prisoner, Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999). Respondeat superior is not recognized as a viable theory for recovery under the civil rights statutes. Polk County v. Dodson, 102 S.Ct. 455 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 103 S.Ct. 1778 (1983). No such allegations of direct involvement by Warden bell appear in the complaint. As a consequence, the plaintiff has failed to state a claim against him upon which relief can be granted.[4]

## R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned respectfully RECOMMENDS that the Court GRANT the defendants' Motions (Docket Entry Nos. 20 and 26) and dismiss all claims against the Tennessee Department of Correction, the Riverbend Maximum Security Institution,

---

[4] In their Motion to Dismiss, Commissioner Little and Warden Bell argue in the alternative that the plaintiff has waived his federal claims by filing an action with the Tennessee Claims Commission. Tenn. Code Ann. § 9-8-307(b); *see also* White by Swafford v. Gerbitz, 860 F.2d 661 (6th Cir. 1988). In support of this defense, though, they rely upon documentation (Docket Entry No. 28) that was not found within the four corners of the complaint. Thus, to consider defendants' waiver defense, it would be necessary for the Court to treat their Motion to Dismiss as one for summary judgment. Rule 12(d), Fed. R. Civ. P.

The plaintiff has not responded to the defendants' waiver defense. Nor is discovery in this case near conclusion. The waiver defense, while not essential to a resolution of the Motions to Dismiss, could potentially impact plaintiff's claims against those defendants who have not joined in the Motions to Dismiss. For these reasons, the undersigned declines to offer an opinion as to the validity of the waiver defense at this time.

4

Warden Bell and Commissioner Little..

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 106 S.Ct. 466 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

                                              Joe B. Brown
                                              United States Magistrate Judge